People v Staten (2023 NY Slip Op 04237)

People v Staten

2023 NY Slip Op 04237

Decided on August 10, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 10, 2023

112336
[*1]The People of the State of New York, Respondent,
v
Terrell Staten, Appellant.

Calendar Date:June 23, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and Fisher, JJ.

Justin C. Brusgul, Altamont, for appellant.
Brian P. Conaty, Acting District Attorney, Monticello (Danielle K. Blackaby of counsel), for respondent.

Appeal from a judgment of the County Court of Sullivan County (Frank J. LaBuda, J.), rendered December 12, 2019, upon a verdict convicting defendant of the crime of strangulation in the second degree.
Defendant was indicted and charged with one count each of robbery in the first degree, strangulation in the second degree, assault in the second degree and criminal possession of a weapon in the third degree. Following a jury trial, defendant was convicted of strangulation in the second degree, and County Court — finding that the jury was deadlocked as to the remaining counts of the indictment — declared a mistrial as to those charges.[FN1] County Court thereafter sentenced defendant to a prison term of seven years followed by three years of postrelease supervision, and this appeal ensued.
We affirm. Although County Court indeed sentenced defendant to the maximum term of imprisonment that may be imposed for the crime of strangulation in the second degree (see Penal Law §§ 60.05 [5]; 70.02 [1] [c]; [3] [c]; 121.12), upon considering, among other factors, defendant's criminal history and the violent nature of the attack upon the victim, we do not find the sentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]) and decline defendant's invitation to reduce it in the interest of justice.
Egan Jr., J.P., Lynch, Aarons, Pritzker and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant pleaded guilty in 2022 — in full satisfaction of the outstanding charges — to criminal possession of a weapon in the third degree; a concurrent term of imprisonment was imposed.